The Honorable James G. Dietz State Representative 7520 Highway 107 North Little Rock, Arkansas 72116
Dear Representative Dietz:
This is in response to your request for an opinion concerning Act 1010 of 1991. That act amends the "Arkansas Anatomical Gift Act," codified at A.C.A. § 20-17-601 et seq. (Supp. 1989), by adding a new section, A.C.A. § 20-17-614, relating to the duties of coroners with regard to the act. You have asked six questions regarding this new section. They will be restated below and answered in the order posed.
Your first question refers to subsection (1) of the new section20-17-614. That section provides that:
 (a) The coroners of the counties of Arkansas shall facilitate procurement of transplantable tissue in the following ways:
 (1) by notifying the appropriate procurement agency of all potential donors.
Your first question is: "[w]ho is the appropriate procurement agency and who decides which agency is designated as appropriate?" "Procurement organization" is defined in the Anatomical Gift Act as "a person licensed, accredited, or approved under the laws of any state for procurement, distribution, or storage of human bodies or parts." A.C.A. §20-17-601 (10). In my opinion, more than one "procurement organization" may be appropriate, and it is the duty of the coroner under Act 1010, in cases in which he or she has jurisdiction, to determine which agency is the "appropriate" one.
Your second question is as follows:
 In subsection (2) it states the coroner shall provide `necessary medical and next of kin' information which is to be kept confidential. Does this supersede other opinions and law that require coroner's files to be open to the public if the case is closed?
I assume you are referring to the open records provisions of the Arkansas Freedom of Information Act, ("FOIA") codified at A.C.A. § 25-19-101 et seq., and Opinion No. 87-135, which interprets those provisions as regards the investigation files of county coroners. It is my opinion that the answer to this question is "yes," Act 1010 creates an exception to the FOIA for the limited records relating to "medical and next of kin consent information" used in the facilitation of tissue procurement.
Your third question is as follows:
 In subsection (3) it states that `Consent shall be obtained in a sensitive manner and witnessed or recorded, if obtained by telephone.' Who shall provide sensitivity training and exactly what is meant by `sensitive'?
This "sensitivity" requirement is also found at A.C.A. § 20-17-605, which provides that "[t]he request must be made with reasonable discretion and sensitivity to the circumstances of the family." There is no provision for "sensitivity training" in Act 1010. Rather, the word "sensitive" should be read to encompass such compassion and delicateness as would ordinarily be exercised by someone approaching a grieving family concerning the subject of tissue donation by a deceased loved one. While we cannot provide a controlling definition in the absence of one by the legislature, it should be noted that the term has been defined as meaning "[s]usceptible to the attitudes, feelings, or circumstances of others." The American Heritage Dictionary (2d College Edition) at 1117.
Your fourth question refers to the "consent form" required by subsection (3) of new section 20-17-614. Your question asks what format the consent form should take and who is responsible for drawing up the form and distributing it. It is my opinion that the "format" of the form should include those items listed in subsection (3), i.e. the name of the decedent, the person making the request, the person giving permission, the date and time, the tissue requested, and the purpose for which, and agency to which, it was released. This form should be drafted and used by the coroner in tissue procurement cases in which he or she is involved.
Your fifth question inquires as to who makes the decision at the scene as to which cases are potential donors. Act 1010 makes it the duty of the coroner to notify the appropriate procurement agency of all potential donors. See subsection (a)(1).
Your sixth and final question is whether there is any liability on the part of the county or the individual if tissue obtained happens to be infectious. It is my opinion that the answer to this question is "no." Section 20-17-611 of the Anatomical Gift Act provides that a coroner who acts in accordance with the act or the relevant laws of other states, or who attempts in good faith to do so, is not liable for that act in a civil action or criminal proceeding. See A.C.A. § 20-17-611(c). Although the act authorizes, at A.C.A. § 20-17-611(a), "reasonable examination necessary to assure medical acceptability of the gift for the purposes intended," it does not appear to require any type of examination by the coroner for these purposes. If the tissue is not examined for these purposes, it would be prudent for the coroner to inform the procurement organization of this fact. Additionally, section 20-17-611 (d) provides that individuals who make anatomical gifts and the individual's estate are not liable for "any injury or damage that may result from the making or the use of anatomical gifts."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb